her maintenance and support. The material expressions following the devise in trust are as follows:

"Fourth. Upon the death of my said wife, and after the payment of her lawful debts and funeral expenses, I direct that all my estate then remaining, including any accumulations which may be thereon, shall be converted into money or its equivalent by my executor then surviving and disposed of as follows:

"To Sarah Johnston, who now resides in Englewood, New Jersey, and who is a niece of my wife, I give and bequeath the sum of four hundred and ninety-five dollars.

"To my nephew and namesake John Officer hereinbefore named I give and bequeath the sum of five hundred dollars."

There is, then, a gift of all the "residue" of the estate to six children, to be divided among them equally, but, in the event of the death of any one of them, to be divided among the survivors of the said six children. It is then provided as follows:

"I hereby further declare and direct that none of the legacies hereinbefore bequeathed shall vest in the respective legatees named until after the decease of my said wife. * * * In the event however that either of said six children die prior to the time fixed for the final distribution of my estate leaving lawful issue him or her surviving, said issue shall be entitled to and shall have the share such deceased parent would have taken if living."

The legatee Sarah Johnston and the wife of the testator died in the order in which they are named. The question is whether or not the right of the legatee Sarah Johnston under the will vested upon the death of the testator, or whether, upon her decease prior to that of the widow, her legacy lapsed and returned to the general estate.

The will specifically, and with apparent intelligence and intention, determined that the legacy to Sarah Johnston should not vest until after the decease of the wife. This expression was extended to all of the legatees, with the significant exception that, in the event of the death of any of the six children, the survivors should take, failing issue of the deceased child, and the issue, if any, should take. It is impossible to determine that the language of the will forbidding that a legacy should vest until after the death of the wife has any other than its legal meaning.

Let decree be submitted accordingly.

Decreed accordingly.

---

(61 Misc. Rep. 218.)

## In re SCHNITZLER.

(Surrogate's Court, Queens County. November, 1908.)

1. WILLS (§ 507*)—"HEIRS"—WHO ARE.

     The use of the word "heirs" in a will in connection with personal property means the next of kin of a decedent, or those who take the personal estate of an intestate.

     [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1100, 1101; Dec. Dig. § 507.*

     For other definitions, see Words and Phrases, vol. 4, pp. 3241–3264; vol. 8, pp. 7677, 7678.]

---

2. WILLS (§ 507*)—LEGATEES—"LEGAL HEIRS."

    Testator bequeathed certain personalty to "the legal heirs" of his housekeeper. *Held*, that her husband was excluded from sharing in the legacy.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1102; Dec. Dig. § 507.*

    For other definitions, see Words and Phrases, vol. 5, pp. 4063, 4064.]

3. EXECUTORS AND ADMINISTRATORS (§ 47*)—ASSETS—DEVISE OF PERSONALTY.

    Where testator bequeathed certain personalty to the legal heirs of his housekeeper, her executor is entitled to receive the income of the legacy from the date of the last payment to her of the income to the time of her death.

    [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 47.*]

In the matter of the judicial settlement of Paul Schnitzler, executor and trustee of Frederick Wolfram. Decree rendered.

Edward R. Vollmer, for executor.

Ira G. Darrin, for Emile E. Rathgeber, executor of the last will and testament of Lisette Lockstaedt, deceased, and others.

NOBLE, S. The sixth paragraph of the last will and testament of Frederick Wolfram, deceased, contains the following provision:

"To the legal heirs of Mrs. Lisette Lockstaedt, the sum of $2,000.00, forever, in consideration of her services to me as housekeeper."

Said Lisette Lockstaedt received the income of the estate of said deceased up to and including the 1st day of December, 1907. Said Lisette Lockstaedt died on or about the 4th day of April, 1908, leaving a last will and testament, which was duly admitted to probate by the Surrogate's Court of the county of Queens on the 14th day of May, 1908, and letters testamentary thereunder were duly issued to Emile E. Rathgeber, sole executor named in said will. Said Lisette Lockstaedt left her surviving her husband, Herman Lockstaedt, who is now confined in the Manhattan State Hospital, Ward's Island, in the city, county, and state of New York, as an insane person; and Paul Schnitzler, the trustee of Frederick Wolfram, the decedent herein, has been duly appointed as committee for said Herman Lockstaedt. Said Lisette Lockstaedt also left her surviving her sister, Louisa Stiep, and Ferdinand August Weigle, August Carl Weigle, sons of Carolina Weigle, deceased, who was a sister of said Lisette Lockstaedt, and Annie Weigle, a daughter of Frederick Weigle, deceased, who was a son of Carolina Weigle, deceased. Other than the foregoing said Lisette Lockstaedt left surviving her no other heirs at law or next of kin.

The rule of construction that has been adopted in this state is that the word "heirs," when used in connection with personal property, means the next of kin of a decedent, or "those related by blood, who take personal estate of one who dies intestate." Tillman. v. Davis, 95 N. Y. 17, 47 Am. Dec. 1. Section 2514, Code Civ. Proc. subd. 12, defines "next of kin" as including "all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed residue of the assets of a decedent after payment of debts and expenses, other than a surviving husband or wife."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Therefore the words "legal heirs of Mrs. Lisette Lockstaedt," used in the sixth paragraph of the will of the decedent herein, must be construed as meaning the "next of kin" of said Lisette Lockstaedt, or those related to her by blood who would share in the distribution of her personal estate had she died intestate. This, of course, excludes the husband of said Lisette Lockstaedt from any share in the legacy left to her under the will of Frederick Wolfram, deceased; and said legacy should be distributed among those related by blood to said Lisette Lockstaedt, or her legal next of kin, according to the degree of such relationship.

The executor under the last will and testament of said Lisette Lockstaedt, deceased, is entitled to receive the income on said legacy of $2,000 from December 1, 1907, the date of the last payment to her of such income, to the time of her death, April 4, 1908.

Enter decree accordingly.